# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| BEN BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-121 |
| | ) |
| ONEWEST BANK, FSB, MORTGAGE | ) |
| ELECTRONIC REGISTRATION | ) |
| SYSTEMS, INC., and JOHN DOES | ) |
| 1 through 20 inclusive, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Facing defendant OneWest Bank's foreclosure of his Savannah, Georgia real property, Ben Butler sued OneWest and others in state court and obtained a foreclosure-stopping "Temporary Restraining Order" (TRO) after alleging, *inter alia*, that OneWest lacked legal standing to foreclose and had violated various consumer-protection statutes. Doc. 1 at 5-28 (complaint); *id.* at 34-35 (TRO). Defendants removed the case to this Court, doc. 1, and now move to dismiss the case. Doc. 4. They also move to stay discovery and related deadlines pending resolution of that motion. Doc. 6.

Those motions are before the district judge. Before the undersigned, meanwhile, is defendants' motion to dissolve the TRO for lack of notice.[1] Doc. 9. They properly point out that the TRO was issued by the state court judge under O.C.G.A. § 9-11-65, yet Fed. R. Civ. P. 65 now applies. Doc. 9 at 3-4. They also claim, however, that they received no notice. They thus conclude that the injunction has dissolved on its own terms, and they want this Court to confirm that. *Id.* at 4-8.[2]

Butler responds with documentary proof that he provided defendants with pre-TRO notice. Doc. 10 at 2 & attached exhibits. This showing has gone unrebutted.[3] Thus, the Court should **DENY** the defendants' dissolution motion, doc. 9. *Bank of Montreal v. SF*

---

[1] The state court injunction remains intact "until dissolved or modified by [this C]ourt." 28 U.S.C. § 1450.

[2] Under Fed. R. Civ. P. 65(b)(2), "[e]very temporary restraining order issued without notice . . . expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. . . ." Rule 65(b)(2). And under O.C.G.A. § 9-11-65(b)(2), "[e]very temporary restraining order granted without notice shall be endorsed with the date and hour of issuance, shall be filed forthwith in the clerk's office and entered of record, and shall expire by its terms within such time after entry, not to exceed 30 days, as the court fixes, unless the party against whom the order is directed consents that it may be extended for a longer period." *Id.*

[3] The parties have been free to file as many response briefs as they want without leave of Court. Local Rule 7.6; *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003) ("parties may file as many reply briefs as they want").

*Weekly, LP*, 2010 WL 2266015 * 2 (D. Del. June 7, 2010) (denying motion in similar case where lender, in fact, received notice); *cf. Kincaid v. Wells Fargo Bank, N.A.*, 2010 WL 2983030 at * 2 (D. Ariz. July 27, 2010) (granting dissolution motion of lender who received no notice).

**SO REPORTED AND RECOMMENDED** this  20th  day of September, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA